IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEANNA JOHNSON, | ) | |
| BETTY KNIGHT, | ) | |
| PAULA ROSSON, | ) | |
| RHONDA WATSON, and | ) | |
| CAROL WILLWOOD, on behalf of | ) | |
| themselves and all other employees | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. CIV-10-1368-C |
| | ) | |
| SERVICE CORPORATION | ) | |
| INTERNATIONAL, a Texas corporation; | ) | |
| SCI FUNERAL AND CEMETERY | ) | |
| PURCHASING COOPERATIVE, INC., a | ) | |
| Delaware corporation; SCI HOUSTON | ) | |
| MARKET SUPPORT CENTER, LP, a | ) | |
| Texas limited partnership; JANE D. | ) | |
| JONES, an individual; GWEN | ) | |
| PETTEWAY, an individual, and | ) | |
| THOMAS RYAN, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On October 5, 2010, Plaintiffs filed a class action petition in the District Court of Pottawatomie County. In the state court petition, the Plaintiffs sought to represent a class of employees of Defendants who were allegedly required or permitted to work by Defendants without compensation. In particular, Plaintiffs argued that Defendants encouraged certain hourly employees who worked as funeral directors, embalmers, and family service counselors to perform community work in order to increase revenue for Defendants but did not compensate the employees for their time spent engaging in this work outside regular

hours. The state court petition alleged violation of 40 Okla. Stat. § 165.1 et seq., breach of contract, fraud, unjust enrichment, breach of implied covenant of good faith and fair dealing, conversion, and misrepresentation. On December 17, 2010, Defendants removed the state court action to this Court, asserting this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d), commonly known as the Class Action Fairness Act of 2005 ("CAFA").

Seeking remand, Plaintiffs argue Defendants have failed to show by a preponderance of the evidence that the jurisdictional requirements of CAFA have been satisfied. Specifically, Plaintiffs argue that Defendants have failed to show that the total amount in controversy exceeds $5,000,000 and argue accordingly that this action should be remanded to the District Court of Pottawatomie County, State of Oklahoma.

To establish federal jurisdiction under CAFA, three elements are required. First, minimal diversity of jurisdiction of citizenship between the parties, meaning at least one plaintiff and one defendant must be citizens of different states. Second, the proposed class must have at least 100 members in the aggregate, and, third, the amount in controversy must exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). For removal to be proper, the defendant must set forth facts supporting the assertion that the amount in controversy is satisfied. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). In making this showing, the defendant must support the amount in controversy with factual evidence rather than mere assumption or speculation. Martin Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001).

The parties are in dispute only about the third element – the amount in controversy. Defendants argue under a broad reading of the state court Petition, there are potentially 10,000 class members. Defendants then offer a detailed explanation for establishing the potential damages of these class members and thereby demonstrate that the jurisdictional amount is met. In the alternative, Defendants focus on two narrower groups of potential class members, both of which meet the numerosity requirement of § 1332(d). Defendants again offer a detailed explanation for the potential recovery of these class members and again demonstrate the jurisdictional amount is satisfied even with the smaller class.

Plaintiffs dispute Defendants' assertions that the potential class action could include all of their 10,000 employees, arguing that claim is without the requisite factual support. Plaintiffs argue that the allegations in the petition seek damages only arising under Oklahoma law and that Defendants have failed to establish that those employees who worked or lived outside of Oklahoma could recover damages in this action.

Plaintiffs next argue that even when addressing only the Oklahoma employees, Defendants' calculation is unreliable because it is based on assumptions that are not representative of the potential class members in this action. Plaintiffs complain that the assumptions are premised only on two of the five named Plaintiffs and there is no showing that the other potential class members would be entitled to the same types and amounts of damages. Plaintiffs also complain of Defendants' reliance on the California and Virginia actions to establish jurisdiction in this matter. Plaintiffs argue that Defendants' attempt to base a calculation on the amount of unpaid time at issue as asserted by the named Plaintiffs

in interrogatory responses is improper. According to Plaintiffs, the Defendants fail to offer any evidence showing the claims of these Plaintiffs are representative of the remaining class members.

The Court disagrees. Defendants have come forward with facts which demonstrate the jurisdictional amount is in controversy. Even accepting Plaintiffs' argument that the class is limited to the workers in Oklahoma, Defendants have come forward with evidence demonstrating that those numbers are between 157-372 Plaintiffs. In addition, Defendants have demonstrated that the amount of damages these Plaintiffs seek to recover exceeds the damages claimed by the Virginia Plaintiffs. Indeed, as Defendants note, when the five named Plaintiffs who are deemed the representatives of the class are examined, those claims far exceed the necessary figure to establish jurisdiction. In short, Defendants have come forward with jurisdictional facts which, by a preponderance of evidence, prove the requisite amount is in controversy. As the Tenth Circuit noted in <u>McPhail v. Deere & Co.</u>. 529 F.3d 947, 954 (10th Cir. 2008), "once those underlying facts are proven, a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than [the jurisdictional amount] is at stake. If the amount is uncertain then there is potential controversy, which is to say that at least [the jurisdictional amount] is in controversy in the case."

Because the Court finds that Defendants have proven the jurisdictional facts on which the amount in controversy could be found by a preponderance of the evidence, the burden now shifts to Plaintiffs to refute that showing. Plaintiffs fail in this obligation, as they offer

no evidence to demonstrate Defendants' calculations are improper. Rather, Plaintiffs simply assert that Defendants' calculations are incorrect. Such conclusory assertions are insufficient to overcome Defendants' proof.

Accordingly, Plaintiffs' Motion to Remand to State Court (Dkt. No. 13) is DENIED.

IT IS SO ORDERED this 31st day of March, 2011.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge